| | | |
|---|---|---|
| CAPE FEAR PUBLIC UTILITY AUTHORITY, BRUNSWICK COUNTY, LOWER CAPER FEAR WATER & SEWER AUTHORITY, and TOWN OF WRIGHTSVILLE BEACH, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 717-CV-00195-D |
| v. | ) ) | Case No. 717-CV-00209-D |
| THE CHEMOURS COMPANY FC, LLC, E. I. DU PONT DE NEMOURS AND COMPANY, and THE CHEMOURS COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS THE CHEMOURS COMPANY FC, LLC AND THE CHEMOURS
COMPANY'S ANSWER TO AMENDED MASTER COMPLAINT
OF PUBLIC WATER SUPPLIERS**

Defendants The Chemours Company, FC, LLC and The Chemours Company (collectively "Defendants") for their Answer to Plaintiffs' Amended Consolidated Class Action Complaint ("Complaint") state and allege that unless otherwise answered or addressed in this Answer, each and every allegation in Plaintiffs' Amended Complaint is denied. Defendants further allege, as follows:

## I.    INTRODUCTION[1]

1.    Defendants deny the allegations in paragraph 1 of the complaint.

2.    To the extent the allegations in paragraph 2 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to

---

[1] Defendants' Answer follows the subject subheadings of the complaint, which are included solely for ease of reference. Defendants deny any legal conclusions or characterizations of facts contained within the subheadings.

the truth or accuracy of the allegations of paragraph 2 of the complaint and therefore deny the same. Defendants deny the remaining allegations in paragraph 2 of the complaint.

3.      To the extent the allegations in paragraph 3 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 3 of the complaint and therefore deny the same. Defendants deny the remaining allegations in paragraph 3 of the complaint.

4.      To the extent the allegations in paragraph 4 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 4 of the complaint and therefore deny the same. Defendants deny the remaining allegations in paragraph 4 of the complaint.

5.      Responding to the allegations in paragraph 5 of the complaint, Defendants admit only that The Chemours Company FC, LLC now owns the Fayetteville Works facility and that it leases space to other companies. Defendants state that paragraph 5 of the complaint appears to characterize unidentified documents and/or studies. Without identification of those documents and/or studies, which speak for themselves within the appropriate context, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 5 of the complaint, and therefore deny the same. Defendants expressly deny any statement or allegation in paragraph 5 that mischaracterizes such documents, or takes them out of context. Defendants deny the remaining allegations and implications in paragraph 5 of the complaint.

6.      Defendants state that paragraph 6 of the complaint appears to characterize the Chemours Code of Conduct, which speaks for itself within the appropriate context. Defendants deny any statement or allegation in paragraph 6 of the Complaint that mischaracterizes the Code of

Conduct or takes it out of context and deny the remaining allegations in paragraph 6 of the Complaint.

7.      Defendants state that the statements Plaintiffs reference in paragraph 7 of the Complaint speak for themselves in the appropriate context, and Defendants deny any statement or allegation in paragraph 7 of the Complaint that mischaracterizes those statements or takes them out of context. Defendants deny any remaining allegations, characterizations, and implications in paragraph 7 of the complaint.

8.      Defendants deny the allegations and characterizations in paragraph 8 of the complaint.

## II.      PARTIES

9.      Responding to the allegations in paragraph 9 of the complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 9 of the complaint and therefore deny the same.

10.      Responding to the allegations in paragraph 10 of the complaint, Defendants admit only that The Chemours Company FC, LLC currently owns the Fayetteville Works facility. Further responding, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 10 and therefore deny the same.

11.      Responding to the allegations in paragraph 11 of the complaint, Defendants admit only that The Chemours Company is and has been a corporation organized under the laws of the State of Delaware; that its principal place of business is in Wilmington, DE; and that it is and has been registered to do business in the State of North Carolina.

12.      Responding to the allegations in paragraph 12 of the complaint, Defendants admit only that The Chemours Company FC, LLC is and has been a limited liability corporation with its

principal place of business in Wilmington, DE; that it is and has been registered to do business in the State of North Carolina; that it currently owns the Fayetteville Works facility; and that it is a subsidiary of The Chemours Company. Further responding, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 12 and therefore deny the same.

## III.    JURISDICTION AND VENUE

13.    Paragraph 13 of the complaint contains conclusions of law to which no response is required from Defendants. Defendants respectfully refer all questions of law to the Court for determination.

14.    Paragraph 14 of the complaint contains conclusions of law to which no response is required from Defendants. Defendants respectfully refer all questions of law to the Court for determination.

## IV.    FACTUAL ALLEGATIONS

### A.    Historical Background.

15.    To the extent the allegations in paragraph 15 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 15 of the complaint and therefore deny the same. Defendants deny the remaining allegations in paragraph 15 of the complaint.

16.    Defendants deny the allegations and characterizations in paragraph 16 of the complaint as incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony. Defendants deny any remaining allegations, characterizations, and implications in paragraph 16 of the complaint.

17.    To the extent the allegations in paragraph 17 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to

the truth or accuracy of the allegations of paragraph 17 of the complaint and therefore deny the same. Defendants deny the remaining allegations in paragraph 17 of the complaint.

18.     To the extent the allegations in paragraph 18 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 18 of the complaint 18 and therefore deny the same. Defendants deny the remaining allegations in paragraph 18 of the complaint.

19.     To the extent the allegations in paragraph 19 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 19 of the complaint and therefore deny the same. Defendants deny the remaining allegations in paragraph 19 of the complaint.

20.     To the extent the allegations in paragraph 20 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 20 of the complaint and therefore deny the same. Defendants deny the remaining allegations in paragraph 20 of the complaint.

21.     To the extent the allegations in paragraph 21 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 21 of the complaint and therefore deny the same. Defendants deny the remaining allegations in paragraph 21 of the complaint.

22.     To the extent the allegations in paragraph 22 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 22 of the complaint and therefore deny the same. Defendants deny the remaining allegations in paragraph 22 of the complaint.

23.     To the extent the allegations in paragraph 23 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 23 of the complaint and therefore deny the same. Defendants deny the remaining allegations in paragraph 23 of the complaint.

24.     To the extent the allegations in paragraph 24 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 24 of the complaint and therefore deny the same. Defendants deny the remaining allegations in paragraph 24 of the complaint.

25.     To the extent the allegations in paragraph 25 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 25 of the complaint and therefore deny the same. Defendants deny the remaining allegations in paragraph 25 of the complaint.

26.     To the extent the allegations in paragraph 26 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 26 of the complaint and therefore deny the same. Defendants deny the remaining allegations in paragraph 26 of the complaint.

27.     Paragraph 27 of the complaint purports to characterize and quote from various unidentified sources. Without identification of those sources, which speak for themselves within the appropriate context, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 27 of the complaint, and therefore deny the same. Defendants expressly deny any statement or allegation in paragraph 27 that mischaracterizes or misquotes from such sources, or takes them out of context. Defendants deny any remaining allegations, characterizations, and implications in paragraph 27 of the complaint.

28.     Responding to the allegations in paragraph 28 of the complaint, Defendants state that those allegations reference certain civil lawsuits and settlements, which speak for themselves in the appropriate context. Defendants deny any statement or allegation in paragraph 28 that mischaracterizes the civil lawsuits or settlements or takes them out of context. Defendants deny the remaining allegations in paragraph 28 of the complaint.

29.     Responding to the allegations in paragraph 29 of the complaint, Defendants admit that The Chemours Company FC, LLC owns the Fayetteville Works facility and leases space to other chemical manufacturers including DuPont. Defendants deny any remaining allegations, characterizations, and implications in paragraph 29 of the complaint.

30.     Paragraph 30 of the complaint concerns complex scientific and technical matters which are properly the subject of expert testimony. Defendants deny such allegations on that basis. Defendants deny the remaining allegations, characterizations, and implications in paragraph 30 of the complaint.

**B.     The Fayetteville Works Site.**

31.     Responding to the allegations in paragraph 31 of the complaint, Defendants admit that the Fayetteville Works facility is located at 22828 NC Highway 87 W. To the extent that paragraph 31 contains citations to other documents, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the cited documents, and therefore deny the same.

32.     To the extent the allegations in paragraph 32 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 32 of the complaint and therefore deny the same. Defendants deny the remaining allegations in paragraph 32 of the complaint.

33.     Responding to the allegations in paragraph 33 of the complaint, Defendants admit only that The Chemours Company FC, LLC became the owner of the Fayetteville Works cite in 2015. To the extent that paragraph 33 contains citations to other documents, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the cited documents, and therefore deny the same.

34.     To the extent the allegations in paragraph 34 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 34 of the complaint and therefore deny the same. Defendants deny the remaining allegations and implications in paragraph 34 of the complaint.

35.     To the extent that paragraph 35 of the complaint references certain unidentified permits, Defendants state that those permits speak for themselves within the appropriate context, but that without identification of those permits Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 35 of the complaint, and therefore deny the same. Defendants expressly deny any statement or allegation in paragraph 35 that mischaracterizes these permits, or takes them out of context.

36.     To the extent paragraph 36 of the complaint references a certain NPDES permit, Defendants state that the referenced permit speaks for itself within the appropriate context. Defendants deny any statement or allegation in paragraph 36 that mischaracterizes the referenced NPDES permit or takes it out of context. Defendants lack knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 36 of the complaint and therefore deny the same.

37.     Defendants lack knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 37 of the complaint and therefore deny the same. The remaining allegations and characterizations in paragraph 37 of the complaint are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony.

38.     Defendants state that the allegations and characterizations in paragraph 38 of the complaint are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony. Defendants deny any remaining allegations, characterizations, and implications in paragraph 38 of the complaint.

**C.      Defendant' Pollution of the Cape Fear River.**

39.     To the extent the allegations in paragraph 39 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 39 of the complaint and therefore deny the same. Defendants deny the remaining allegations and implications in paragraph 39 of the complaint.

40.     Defendants state that paragraph 40 of the complaint contains conclusions of law to which no response is required from Defendant, and respectfully refer all questions of law to the Court for determination. To the extent a response is required, Defendants deny all such allegations.

41.     To the extent the allegations in paragraph 41 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 41 of the complaint and therefore deny the same. Defendants deny the remaining allegations and implications in paragraph 41 of the complaint.

42.     To the extent paragraph 42 of the complaint references certain North Carolina statutes and/or regulations, Defendants state that those statutes and/or regulations speak for themselves within the appropriate context. Defendants expressly deny any statement or allegation in paragraph 42 that mischaracterizes such documents and/or reports, or takes them out of context Defendants deny the remaining allegations, characterizations, and implications in paragraph 42 of the complaint.

43.     Defendants deny any allegations, characterizations, and implications in paragraph 43 of the complaint.

44.     Defendants state that paragraph 44 of the complaint contains conclusions of law to which no response is required from Defendant, and respectfully refer all questions of law to the Court for determination. To the extent the allegations in paragraph 44 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 44 of the complaint and therefore deny the same. Defendants deny the remaining allegations and implications in paragraph 44 of the complaint.

45.     To the extent the allegations in paragraph 45 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 45 of the complaint and therefore deny the same. Defendants deny the remaining allegations and implications in paragraph 45 of the complaint.

46.     To the extent the allegations in paragraph 46 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 46 of the complaint and therefore deny the

same. Defendants deny the remaining allegations and implications in paragraph 46 of the complaint.

47.     To the extent the allegations in paragraph 47 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 47 of the complaint and therefore deny the same. Defendants deny the remaining allegations and implications in paragraph 47 of the complaint.

48.     To the extent the allegations in paragraph 48 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 48 of the complaint and therefore deny the same. Defendants deny the remaining allegations and implications in paragraph 48 of the complaint.

49.     To the extent the allegations in paragraph 49 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 49 of the complaint and therefore deny the same. Defendants deny the remaining allegations and implications in paragraph 49 of the complaint.

50.     To the extent the allegations in paragraph 50 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 50 of the complaint and therefore deny the same. Defendants deny the remaining allegations and implications in paragraph 50 of the complaint.

51. To the extent the allegations in paragraph 51 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 51 of the complaint and therefore deny the same. Defendants deny the remaining allegations and implications in paragraph 51 of the complaint.

52. Paragraph 52 of the complaint mischaracterizes a NPDES renewal permit transferred to Chemours. Defendants state that this permit speaks for itself within the appropriate context. Defendants expressly deny any statement or allegation in paragraph 52 that mischaracterizes the permit, or takes it out of context. Defendants deny any remaining allegations, characterizations, and implications in paragraph 52 of the complaint.

53. To the extent the allegations in paragraph 53 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 53 of the complaint and therefore deny the same. Defendants deny the remaining allegations and implications in paragraph 53 of the complaint.

54. Paragraph 54 of the complaint appears to characterize unidentified documents and/or sampling reports. Without identification of those documents and/or reports, which speak for themselves within the appropriate context, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 54 of the complaint and therefore deny the same. Defendants expressly deny any statement or allegation in paragraph 54 that mischaracterizes such documents and/or reports, or takes them out of context. Defendants deny any remaining allegations, characterizations, and implications in paragraph 54 of the complaint.

55.     To the extent the allegations in paragraph 55 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 55 of the complaint and therefore deny the same. Defendants deny the remaining allegations and implications in paragraph 55 of the complaint.

56.     Defendants admit only that C8 is no longer manufactured at the Fayetteville Works site and that certain products continue to be manufactured. Defendants deny any remaining allegations, characterizations, and implications in paragraph 56 of the complaint.

57.     Defendants deny the allegations in paragraph 57 of the complaint.

**D.     Public Disclosure of Defendant' Pollution.**

58.     To the extent that the allegations in paragraph 58 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same. To the extent paragraph 58 of the complaint references unidentified documents and/or reports, Defendants state that those documents and/or reports speak for themselves within the appropriate context. Defendants expressly deny any statement or allegation in paragraph 58 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent paragraph 58 of the complaint concerns complex scientific and technical matters, Defendants state that such matters are properly the subject of expert testimony, and deny such allegations on that basis. Defendants deny the remaining allegations, characterizations, and implications in paragraph 58 of the complaint.

59.     To the extent the allegations in paragraph 59 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to

the truth or accuracy of the allegations of paragraph 59 of the complaint and therefore deny the same. Defendants deny the remaining allegations and implications in paragraph 59 of the complaint.

60. To the extent paragraph 60 of the complaint references unidentified documents and/or sampling reports, Defendants state that those documents and/or reports speak for themselves within the appropriate context. Defendants expressly deny any statement or allegation in paragraph 60 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent paragraph 60 of the complaint concerns complex scientific and technical matters, Defendants state that such matters are properly the subject of expert testimony, and deny such allegations on that basis. Defendants deny the remaining allegations, characterizations, and implications in paragraph 60 of the complaint.

61. Defendants expressly deny any statement or allegation in paragraph 61 that mischaracterizes or takes out of context any communication with the government regulators. Defendants deny any remaining allegations, characterizations, and implications in paragraph 61 of the complaint.

62. Defendants expressly deny any statement or allegation in paragraph 62 that mischaracterizes or takes out of context any communication with government regulators. Defendants deny any remaining allegations, characterizations, and implications in paragraph 62 of the complaint.

63. To the extent paragraph 63 of the complaint references unidentified documents and/or sampling reports, Defendants state that those documents and/or reports speak for themselves within the appropriate context. Defendants expressly deny any statement or allegation in paragraph 63 that mischaracterizes such documents and/or reports, or takes them out of context. Defendants

deny the remaining allegations, characterizations, and implications in paragraph 63 of the complaint.

64.     To the extent that the allegations in paragraph 64 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same. To the extent paragraph 64 of the complaint references unidentified documents and/or reports, Defendants state that those documents and/or reports speak for themselves within the appropriate context. Defendants expressly deny any statement or allegation in paragraph 64 that mischaracterizes such documents and/or reports, or takes them out of context. Defendants deny the remaining allegations, characterizations, and implications in paragraph 64 of the complaint.

65.     To the extent that the allegations in paragraph 65 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same. To the extent paragraph 65 of the complaint references unidentified documents and/or reports, Defendants state that those documents and/or reports speak for themselves within the appropriate context. Defendants expressly deny any statement or allegation in paragraph 65 that mischaracterizes such documents and/or reports, or takes them out of context. Defendants deny the remaining allegations and characterizations in paragraph 65 of the complaint as incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony.

66.     Defendants expressly deny any statement or allegation in paragraph 66 that mischaracterizes or takes out of context any communication or lack of communication with the

public or government regulators. Defendants deny any remaining allegations, characterizations, and implications in paragraph 66 of the complaint.

###    E.    The Chemicals at Issue.

67.    Paragraph 67 of the complaint appears to characterize unidentified statements and/or documents. Without identification of those statements and/or documents, the language of which speaks for itself when read in the appropriate context, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 67 of the complaint, and therefore deny the same. Defendants expressly deny any statement or allegation in paragraph 67 that mischaracterizes such statements and/or documents, or takes them out of context.

68.    Defendants deny the allegations and characterizations in paragraph 68 of the complaint as incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony.

69.    Defendants deny the allegations and characterizations in paragraph 69 of the complaint as incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony.

70.    To the extent that the allegations in paragraph 70 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same. To the extent paragraph 70 of the complaint references unidentified documents and/or reports, Defendants state that those documents and/or reports speak for themselves within the appropriate context. Defendants expressly deny any statement or allegation in paragraph 70 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent paragraph 70 of the complaint

concerns complex scientific and technical matters, Defendants state that such matters are properly the subject of expert testimony, and deny such allegations on that basis. Defendants deny the remaining allegations, characterizations, and implications in paragraph 70 of the complaint.

71.     Defendants deny the allegations in paragraph 71 of the complaint as incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony.

### a.     "Long Chain" PFASs

72.     To the extent paragraph 72 of the complaint references unidentified documents and/or reports, Defendants state that those documents and/or reports speak for themselves within the appropriate context. Defendants expressly deny any statement or allegation in paragraph 72 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent paragraph 72 of the complaint concerns complex scientific and technical matters, Defendants state that such matters are properly the subject of expert testimony, and deny such allegations on that basis. Defendants deny the remaining allegations, characterizations, and implications in paragraph 72 of the complaint.

73.     To the extent paragraph 73 of the complaint references unidentified documents and/or reports, Defendants state that those documents and/or reports speak for themselves within the appropriate context. Defendants expressly deny any statement or allegation in paragraph 73 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent paragraph 73 of the complaint concerns complex scientific and technical matters, Defendants state that such matters are properly the subject of expert testimony, and deny such allegations on that basis. Defendants deny the remaining allegations, characterizations, and implications in paragraph 73 of the complaint.

74. To the extent the allegations in paragraph 74 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 74 of the complaint and therefore deny the same. Defendants deny the remaining allegations and characterizations in paragraph 74 of the complaint as incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony.

75. To the extent the allegations in paragraph 75 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 75 of the complaint and therefore deny the same. Defendants deny the remaining allegations and implications in paragraph 75 of the complaint.

76. The allegations in paragraph 76 of the complaint reference and purport to characterize a 2009 EPA document related to PFOA in drinking water, and Defendants refer the Court to that document, which speaks for itself in the appropriate context, for a full recitation of its contents. Other than the existence of that document, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 76 of the complaint, and therefore deny the same. Defendants expressly deny any statement or allegation in paragraph 76 that mischaracterizes the referenced document, or takes it out of context.

77. To the extent the allegations in paragraph 77 of the complaint reference and purport to characterize 2009 and 2016 EPA guidance values for PFOA and PFOS, Defendants refer the Court to those guidances, which speaks for themselves in the appropriate context, for a full recitation of their contents. Other than the existence of these guidances, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 77 of the

complaint, and therefore deny the same. Defendants expressly deny any statement or allegation in paragraph 77 that mischaracterizes the referenced document, or takes it out of context. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 77 of the complaint, and therefore deny the same.

### b. "Short Chain" PFASs

78. To the extent that the allegations in paragraph 78 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same. To the extent paragraph 78 of the complaint references unidentified documents and/or reports, Defendants state that those documents and/or reports speak for themselves within the appropriate context. Defendants expressly deny any statement or allegation in paragraph 78 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent paragraph 78 of the complaint concerns complex scientific and technical matters, Defendants state that such matters are properly the subject of expert testimony, and deny such allegations on that basis. Defendants deny the remaining allegations, characterizations, and implications in paragraph 78 of the complaint.

79. To the extent paragraph 79 of the complaint references unidentified documents and/or reports, Defendants state that those documents and/or reports speak for themselves within the appropriate context. Defendants expressly deny any statement or allegation in paragraph 79 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent paragraph 79 of the complaint concerns complex scientific and technical matters, Defendants state that such matters are properly the subject of expert testimony, and deny such allegations on that

basis. Defendants deny the remaining allegations, characterizations, and implications in paragraph 79 of the complaint.

80.      To the extent the allegations in paragraph 80 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 80 of the complaint and therefore deny the same. Defendants deny the remaining allegations and implications in paragraph 80 of the complaint.

81.      To the extent the allegations in paragraph 81 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 81 of the complaint and therefore deny the same. Defendants deny the remaining allegations and implications in paragraph 81 of the complaint.

82.      Defendants denies the allegations and implications in paragraph 82 of the complaint.

83.      To the extent the allegations in paragraph 83 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 83 of the complaint and therefore deny the same. Defendants deny the remaining allegations and implications in paragraph 83 of the complaint.

84.      To the extent the allegations in paragraph 84 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 84 of the complaint and therefore deny the

same. Defendants deny the remaining allegations and implications in paragraph 84 of the complaint.

85.     Paragraph 85 of the complaint purports to characterize and quote from various unidentified documents and/or animal studies. Without identification of those documents and/or animal studies, which speak for themselves within the appropriate context, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 85 of the complaint, and therefore deny the same. Defendants expressly deny any statement or allegation in paragraph 85 that mischaracterizes or misquotes from such documents and/or animal studies, or takes them out of context, including by failing to acknowledge related or subsequent studies. Defendants deny any remaining allegations, characterizations, and implications in paragraph 85 of the complaint.

86.     Paragraph 86 of the complaint concerns complex scientific and technical matters, Defendants state that such matters are properly the subject of expert testimony, and deny such allegations on that basis. Defendants deny the remaining allegations, characterizations, and implications in paragraph 86 of the complaint.

87.     To the extent the allegations in paragraph 87 of the complaint relate to a company other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 87 of the complaint and therefore deny the same. To the extent the allegations in paragraph 87 of the complaint reference and purport to characterize a 2017 North Carolina health advisory goal, Defendants refer the Court to this health advisory goal, which speaks for itself in the appropriate context, for a full recitation of its contents. Other than the existence of this health advisory goal, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 87 of the

complaint, and therefore deny the same. Defendants expressly deny any statement or allegation in paragraph 87 that mischaracterizes the referenced document, or takes it out of context. Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 87 of the complaint, and therefore deny the same.

88.     Defendants deny the allegations, characterizations, and implications in paragraph 88 of the complaint.

**F.     Defendant' Statutory Violations.**

89.     Defendants deny the allegations, characterizations, and implications in paragraph 89 of the complaint.

90.     Defendants deny the allegations, characterizations, and implications in paragraph 90 of the complaint.

91.     Defendants deny the allegations, characterizations, and implications in paragraph 91 of the complaint.

92.     Defendants deny the allegations, characterizations, and implications in paragraph 92 of the complaint.

**G.     Damages to Plaintiffs and Their Public Drinking Water Resources.**

93.     Paragraph 93 of the complaint appears to characterize unidentified documents and/or sampling reports. Without identification of those documents and/or reports, which speak for themselves within the appropriate context, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 93 of the complaint and therefore deny the same. Defendants expressly deny any statement or allegation in paragraph 93 that mischaracterizes such documents and/or reports, or takes them out of context.

Defendants deny any remaining allegations, characterizations, and implications in paragraph 93 of the complaint.

94. Paragraph 94 of the complaint appears to characterize unidentified documents and/or sampling reports. Without identification of those documents and/or reports, which speak for themselves within the appropriate context, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 94 of the complaint and therefore deny the same. Defendants expressly deny any statement or allegation in paragraph 94 that mischaracterizes such documents and/or reports, or takes them out of context. Defendants deny any remaining allegations, characterizations, and implications in paragraph 94 of the complaint.

95. To the extent paragraph 95 of the complaint references unidentified documents and/or reports, Defendants state that those documents and/or reports speak for themselves within the appropriate context. Defendants expressly deny any statement or allegation in paragraph 95 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent paragraph 95 of the complaint concerns complex scientific and technical matters, Defendants state that such matters are properly the subject of expert testimony, and deny such allegations on that basis. Defendants deny the remaining allegations, characterizations, and implications in paragraph 95 of the complaint.

96. Defendants deny the allegations, characterizations, and implications in paragraph 96 of the complaint.

97. Defendants deny the allegations, characterizations, and implications in paragraph 97 of the complaint.

## V.    PLAINTIFF-SPECIFIC FACTUAL ALLEGATIONS

### A.    CFPUA

**CFPUA Allegations**

98.     To the extent that the allegations in paragraph 98 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same. To the extent that paragraph 98 of the complaint contains conclusions of law to which no response is required from Defendant, Defendants respectfully refer all questions of law to the Court for determination. To the extent a response is required, Defendants deny all such allegations.

99.     To the extent that the allegations in paragraph 99 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same. Defendants deny the remaining allegations, characterizations, and implications in paragraph 99 of the complaint.

100.    To the extent that the allegations in paragraph 100 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same. To the extent that paragraph 100 of the complaint contains conclusions of law to which no response is required from Defendant, Defendants respectfully refer all questions of law to the Court for determination. To the extent a response is required, Defendants deny all such allegations. Defendants deny the remaining allegations, characterizations, and implications in paragraph 100 of the complaint.

101.    Defendants state that paragraph 101 of the complaint contains conclusions of law to which no response is required from Defendant, and respectfully refer all questions of law to the Court for determination. To the extent a response is required, Defendants deny all such allegations.

102. To the extent that the allegations in paragraph 102 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same.

103. To the extent that the allegations in paragraph 103 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same.

104. To the extent that the allegations in paragraph 104 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same. Defendants deny the remaining allegations, characterizations, and implications in paragraph 104 of the complaint.

### CFPUA Damages

105. Defendants deny the allegations, characterizations, and implications in paragraph 105 of the complaint.

106. Defendants deny the allegations, characterizations, and implications in paragraph 106 of the complaint.

### B. Brunswick County

### Brunswick County Allegations

107. Defendants deny the allegations, characterizations, and implications in paragraph 107 of the complaint.

108. To the extent that the allegations in paragraph 108 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same.

109. To the extent that the allegations in paragraph 109 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same. To the extent that paragraph 109 of the complaint contains conclusions of law to which no response is required from Defendant, Defendants respectfully refer all questions of law to the Court for determination. To the extent a response is required, Defendants deny all such allegations.

110. Defendants deny the allegations, characterizations, and implications in paragraph 110 of the complaint.

**Brunswick County Damages**

111. Defendants deny the allegations, characterizations, and implications in paragraph 111 of the complaint.

112. Defendants deny the allegations, characterizations, and implications in paragraph 112 of the complaint and deny that Plaintiffs are entitled to any relief against Defendants.

113. Defendants deny the allegations, characterizations, and implications in paragraph 113 of the complaint and deny that Plaintiffs are entitled to any relief against Defendants.

114. Defendants deny the allegations, characterizations, and implications in paragraph 114 of the complaint and deny that Plaintiffs are entitled to any relief against Defendants.

C.     **LCFWSA**

**LCFWSA Allegations**

115. To the extent that the allegations in paragraph 115 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same.

116.     To the extent that the allegations in paragraph 116 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same.

117.     To the extent that the allegations in paragraph 117 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same.

118.     To the extent that the allegations in paragraph 118 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same.

119.     Defendants deny the allegations, characterizations, and implications in paragraph 119 of the complaint.

120.     Defendants deny the allegations, characterizations, and implications in paragraph 120 of the complaint.

121.     Defendants deny the allegations, characterizations, and implications in paragraph 121 of the complaint.

122.     To the extent that the allegations in paragraph 122 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same.

123.    To the extent that the allegations in paragraph 123 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same.

124.    To the extent that the allegations in paragraph 124 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same. To the extent that paragraph 124 of the complaint contains conclusions of law to which no response is required from Defendant, Defendants respectfully refer all questions of law to the Court for determination. To the extent a response is required, Defendants deny all such allegations. Defendants deny the remaining allegations, characterizations, and implications in paragraph 124 of the complaint.

### LCFWSA Damages

125.    Defendants deny the allegations, characterizations, and implications in paragraph 125 of the complaint.

126.    Defendants deny the allegations, characterizations, and implications in paragraph 126 of the complaint and deny that Plaintiffs are entitled to any relief against Defendants.

127.    Defendants deny the allegations, characterizations, and implications in paragraph 127 of the complaint and deny that Plaintiffs are entitled to any relief against Defendants.

128.    Defendants deny the allegations, characterizations, and implications in paragraph 128 of the complaint and deny that Plaintiffs are entitled to any relief against Defendants.

129.    Defendants deny the allegations, characterizations, and implications in paragraph 129 of the complaint and deny that Plaintiffs are entitled to any relief against Defendants.

### D.    Wrightsville Beach

**Wrightsville Beach Allegations**

130.    The allegations in paragraph 130 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same.

131.    The allegations in paragraph 131 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same.

132.    The allegations in paragraph 132 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same.

133.    Defendants deny the allegations in paragraph 133 of the complaint.

134.    Defendants deny the allegations in paragraph 134 of the complaint.

135.    Defendants deny the allegations in paragraph 135 of the complaint.

136.    Defendants deny the allegations in paragraph 136 of the complaint.

137.    Defendants deny the allegations, characterizations, and implications in paragraph 137 of the complaint.

138.    Defendants deny the allegations in paragraph 138 of the complaint.

139.    Defendants deny the allegations in paragraph 139 of the complaint.

140.    Defendants deny the allegations in paragraph 140 of the complaint.

141.    To the extent the allegations in paragraph 141 of the complaint relate to individuals and entities other than Defendant, Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore deny the same.

142.    Defendants deny the allegations in paragraph 142 of the complaint.

**Wrightsville Beach Damages**

143.     Defendants deny the allegations in paragraph 143 of the complaint.

144.     Defendants deny the allegations, characterizations, and implications in paragraph 144 of the complaint and deny that Plaintiffs are entitled to any relief against Defendants.

145.     Defendants deny the allegations, characterizations, and implications in paragraph 145 of the complaint and deny that Plaintiffs are entitled to any relief against Defendants.

146.     Defendants deny the allegations, characterizations, and implications in paragraph 146 of the complaint and deny that Plaintiffs are entitled to any relief against Defendants.

## VI.     CAUSES OF ACTION

### COUNT I
### Public Nuisance

147.     Defendants incorporate by reference their responses to paragraph 1 through 146 of the complaint.

148.     No response to paragraph 148 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 148.

149.     No response to paragraph 149 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 149.

150.     No response to paragraph 150 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 150.

151.    No response to paragraph 151 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 151.

152.    No response to paragraph 152 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 152.

153.    No response to paragraph 153 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 153.

154.    No response to paragraph 154 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 154.

155.    No response to paragraph 155 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 155.

156.    No response to paragraph 156 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 156.

157.    No response to paragraph 157 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 157.

**COUNT II**
**Private Nuisance**

158. Defendants incorporate by reference their responses to paragraph 1 through 157 of the complaint.

159. Defendants deny the allegations, characterizations, and implications in paragraph 159 of the complaint.

160. Defendants deny the allegations, characterizations, and implications in paragraph 160 of the complaint.

161. Defendants deny the allegations, characterizations, and implications in paragraph 161 of the complaint.

162. Defendants deny the allegations, characterizations, and implications in paragraph 162 of the complaint and deny that Plaintiffs are entitled to any relief against Defendants.

## COUNT III
### Trespass to Real Property

163. Defendants incorporate by reference their responses to paragraph 1 through 162 of the complaint.

164. Defendants deny the allegations, characterizations, and implications in paragraph 164 of the complaint.

165. Defendants deny the allegations, characterizations, and implications in paragraph 165 of the complaint.

166. Defendants deny the allegations, characterizations, and implications in paragraph 166 of the complaint and deny that Plaintiffs are entitled to any relief against Defendants.

## COUNT IV
### Trespass to Chattels

167. Defendants incorporate by reference their responses to paragraph 1 through 166 of the complaint.

168.     No response to paragraph 168 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 168.

169.     No response to paragraph 169 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 169.

170.     No response to paragraph 170 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 170.

### COUNT V
### Negligence Per Se

171.     Defendants incorporate by reference their responses to paragraph 1 through 170 of the complaint.

172.     No response to paragraph 172 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 172.

173.     No response to paragraph 173 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 173.

174.     No response to paragraph 174 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 174.

175.     No response to paragraph 175 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 175.

## COUNT VI
### Negligence

176.     Defendants incorporate by reference their responses to paragraph 1 through 175 of the complaint.

177.     Defendants deny the allegations, characterizations, and implications in paragraph 177 of the complaint.

178.     Defendants deny the allegations, characterizations, and implications in paragraph 178 of the complaint.

179.     Defendants deny the allegations, characterizations, and implications in paragraph 179 of the complaint.

180.     Defendants deny the allegations, characterizations, and implications in paragraph 180 of the complaint.

181.     Defendants deny the allegations, characterizations, and implications in paragraph 181 of the complaint.

182.     Defendants deny the allegations, characterizations, and implications in paragraph 182 of the complaint and deny that Plaintiffs are entitled to any relief against Defendants.

## COUNT VII
### (Failure to Warn)

183.     Defendants incorporate by reference their responses to paragraph 1 through 182 of the complaint.

184.    No response to paragraph 184 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 184.

185.    No response to paragraph 185 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 185.

186.    No response to paragraph 186 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 186.

**COUNT VIII**
**(Negligent Manufacture)**

187.    Defendants incorporate by reference their responses to paragraph 1 through 186 of the complaint.

188.    No response to paragraph 188 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 188.

189.    No response to paragraph 189 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 189.

190.    No response to paragraph 190 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 190.

**COUNT IX**

**Riparian Rights / Injunctive Relief**

191.     Defendants incorporate by reference their responses to paragraph 1 through 190 of the complaint.

192.     No response to paragraph 192 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 192.

193.     No response to paragraph 193 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 193.

194.     No response to paragraph 194 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 194.

195.     No response to paragraph 195 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 195.

**COUNT X**
**Punitive Damages**

196.     Defendants incorporate by reference their responses to paragraph 1 through 195 of the complaint.

197.     No response to paragraph 197 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 197.

198.     No response to paragraph 198 of the complaint is required because the Court dismissed this cause of action in its April 19, 2019 Order. To the extent a response is required, Defendants deny the allegations in paragraph 198.

## VI. PRAYER

The remainder of the Complaint consists of a prayer for relief, as to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in the Complaint and deny that Plaintiffs are entitled to any relief against Defendants. Defendants further deny any allegations not expressly admitted above.

## AFFIRMATIVE DEFENSES

The following are defenses Defendants may assert based on the facts alleged in the action, or based on facts adduced in discovery. In disclosing these defenses, Defendants do not assume any burden of proof not otherwise required by law. Moreover, Defendants undertake the burden of proof only as to those defenses deemed "affirmative" defenses by law, regardless of how such defenses are denominated herein. Finally, Defendants reserve their right to assert further defenses that may become apparent in the course of discovery.

## FIRST ADDITIONAL DEFENSE

The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

## THIRD ADDITIONAL DEFENSE

Plaintiffs have alleged an injury that, as a matter of law, does not support a recovery in tort.

## FOURTH ADDITIONAL DEFENSE

Plaintiffs have failed to name all necessary and indispensable parties in this action.

## FIFTH ADDITIONAL DEFENSE

To the extent that Plaintiffs have split their claims, Plaintiffs' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

## SIXTH ADDITIONAL DEFENSE

Plaintiffs lack standing to assert, in whole or in part, the claims and the demands for relief in the Complaint.

## SEVENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because under North Carolina law, Defendants did not owe a legal duty to Plaintiffs or, if they owed such a duty, did not breach and/or fully discharged that duty.

## EIGHTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, Defendants exercised due care with respect to their activities and took reasonable precautions against foreseeable acts or omissions of others.

## NINTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendants proximately caused the purported injuries and damages allegedly sustained by Plaintiffs.

## TENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged damages in the complaint were proximately caused by others, including intervening and/or superseding acts or omissions.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the damages alleged in the Complaint were caused or contributed to, in whole or in part, by the negligence, carelessness, fault, culpable conduct, and/or wont of care attributable to others over whom Defendants neither had nor exercised any control.

## TWELFTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because to the extent Defendants owed any cognizable duty to warn, Defendants adequately discharged any such duty.

## THIRTEENTH ADDITIONAL DEFENSE

Plaintiffs' claim for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

## FOURTEENTH ADDITIONAL DEFENSE

The relief that Plaintiffs seek, in whole or in part, violates Defendants' due process rights under the North Carolina State Constitution.

## FIFETEENTH ADDITIONAL DEFENSE

Defendants deny any negligence, culpable conduct, or liability on their part but, if Defendants ultimately are found liable for any portion of Plaintiffs' alleged damages, Defendants shall only be liable for their equitable share of Plaintiffs 'alleged damages.

## SIXTEENTH ADDITIONAL DEFENSE

Defendants deny any liability, but in the event Defendants are found to have any liability to Plaintiffs, Defendants are entitled to an offset against any such liability on their part for the greatest of (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the complaint; or (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the complaint.

## SEVENTEENTH ADDITIONAL DEFENSE

Defendants cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of Defendant.

## EIGHTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any product(s) manufactured by Defendant.

## NINETEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that their alleged injuries were caused by exposure to any product(s) attributable to Defendant.

## TWENTIETH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that PFOA or GenX has been reliably established, through scientific means, to be capable of causing their alleged injuries.

## TWENTY-FIRST ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that they were exposed to a sufficient concentration or amount of PFOA, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing their alleged injuries.

## TWENTY-SECOND ADDITIONAL DEFENSE

Any damages Plaintiffs may have suffered were not reasonably foreseeable by Defendants at the time of the conduct alleged.

## TWENTY-THIRD ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants neither knew, nor should have known, that any of the substances to which Plaintiffs were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Defendants at all times relevant to the claims or causes of action asserted by Plaintiffs.

## TWENTY-FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged acts or omissions by Defendants, throughout the relevant and material time period, conformed to the then-existing custom and practice, and Defendants exercised due care and acted in accordance with and/or

complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws, regulations, standards, and orders.

### TWENTY-FIFTH ADDITIONAL DEFENSE

Some or all of Plaintiffs' claims are not amenable to judicial resolution because of the primary jurisdiction doctrine.

### TWENTY-SIXTH ADDITIONAL DEFENSE

The claims and/or damages alleged in the Complaint are barred, in whole or in part, by the doctrine of avoidable consequences and by Plaintiffs' failure to mitigate their damages, if any.

### TWENTY-SEVENTH ADDITIONAL DEFENSE

Some of Plaintiffs' claims may be barred in whole, or in part, by the doctrine of federal preemption.

### TWENTY-EIGHTH ADDITIONAL DEFENSE

Defendants are entitled to all of the procedural, substantive and other protections, caps and limitations provided by the state statutes and other state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

### TWENTY-NINTH ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which punitive or exemplary damages may be awarded under North Carolina statutory or common law.

### THIRTIETH ADDITIONAL DEFENSE

Defendants did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

## THIRTY-FIRST ADDITIONAL DEFENSE

Plaintiffs have failed to adequately plead and/or allege that Defendants acted with the requisite state of mind to warrant an award of punitive damages.

## THIRTY-SECOND ADDITIONAL DEFENSE

Defendants have complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the complaint, and, therefore, to the extent that consideration is given to Plaintiffs' claims, punitive damages are unwarranted in law and fact.

## THIRTY-THIRD ADDITIONAL DEFENSE

Punitive damages are not available because all conduct and activities of Defendants related to matters alleged in the Complaint conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

## THIRTY-FOURTH ADDITIONAL DEFENSE

Punitive damages are not available because Defendants neither knew nor should have known that the substances to which Plaintiffs were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm, and Defendants therefore lacked notice that their conduct was unlawful or subject to punishment and an award of punitive damages would violate Defendant' constitutional right to due process.

## THIRTY-FIFTH ADDITIONAL DEFENSE

Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute, or are unconstitutional insofar as they violate the due process protections afforded by the Unites States Constitution and the Constitution of the State of North Carolina, including without

limitation the Fifth, Eighth and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and other applicable provisions of the Constitution of the State of North Carolina or any other state whose laws may apply.

## THIRTY-SIXTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, and damages, if any, should be limited under North Carolina law, to the extent any fault, negligence, assumption of risk, and other culpable conduct by Plaintiffs caused, proximately caused, or contributed to the alleged injuries and damages, or to the extent that the doctrines of contributory negligence, comparative fault, avoidable consequences, assumption of risk, voluntary exposure, and/or other applicable common-law or statutory doctrines apply.

## THIRTY-SEVENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which Defendants cannot be held responsible.

## THIRTY-EIGHTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, ratification, and unclean hands.

## THIRTY-NINTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs already released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised their claims against Defendant.

## FORTIETH ADDITIONAL DEFENSE

Defendants are not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

## FORTY-FIRST ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrine of Federal Preemption, including express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation under CERCLA, 42 U.S.C. § 9613(h).

## FORTY-SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are barred because of Plaintiffs' failure to join necessary and/or indispensable parties without which this action should not proceed and should be dismissed.

## FORTY-THIRD ADDITIONAL DEFENSE

Plaintiffs' claims are barred because of changes made to the product, material, or equipment's condition.

## FORTY-FOURTH ADDITIONAL DEFENSE

The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus this Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction, abstention, and or the doctrine of separation of powers.

## FORTY-FIFTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred because they failed to exhaust administrative remedies.

## FORTY-SIXTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by operation of the sophisticated purchaser, sophisticated/learned intermediary, and or sophisticated user doctrine.

## RESERVATION OF DEFENSES

Defendants reserve the right to supplement these defenses with any additional defenses that subsequently become available during discovery or at trial.

## DEMAND FOR BIFURCATED TRIAL

If Plaintiffs are permitted to proceed to trial upon any claims for punitive or exemplary liability or damages, such claims, if any, must be bifurcated from the remaining issues.

## JURY DEMAND

Defendants demand a trial by jury of any and all issues in this action so triable of right.

This 14th day of June, 2019.

Respectfully submitted,

/s/ *John K. Sherk III*
John K. Sherk III
CA State Bar No. 295838
SHOOK, HARDY & BACON, L.L.P.
One Montgomery, Suite 2700
San Francisco, CA 94104
Telephone: (415) 544-1900
Facsimile: (415) 391-0281
E-mail: jsherk@shb.com

Kenneth J. Reilly
FL State Bar No. 157082
SHOOK, HARDY & BACON, L.L.P.
201 S. Biscayne Blvd.
3200 Miami Center
Miami, FL 33131
Telephone: (305) 960-6907
Facsimile: (305) 385-7470
E-mail: kreilly@shb.com

Jonathan D. Sasser
Stephen D. Feldman
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27636
Telephone:  (919) 865-7000
Facsimile:  (919)  865-7010
jon.sasser@elliswinters.com
stephen.feldman@elliswinters.com

***Attorneys for Defendants The Chemours
Company and The Chemours Company,
FC, LLC***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send electronic notice of such filing to all counsel of record.

*/s/ John K. Sherk III*
Attorney for Defendants