# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

| | |
|---|---|
| BRENT NIX, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>THE CHEMOURS COMPANY FC, LLC, THE CHEMOURS COMPANY, E.I. DUPONT de NEMOURS AND COMPANY, INC., E.I. DUPONT CHEMICAL CORPORATION, ELLIS H. MCGAUGHY, and MICHAEL E. JOHNSON,<br><br>        Defendants. | Civil Action No. 7:17-CV-00189-D |
| ROGER MORTON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>THE CHEMOURS COMPANY FC, LLC, THE CHEMOURS COMPANY, E.I. DUPONT de NEMOURS AND COMPANY, INC., E.I. DUPONT CHEMICAL CORPORATION, ELLIS H. MCGAUGHY, AND MICHAEL E. JOHNSON,<br><br>        Defendants. | Civil Action No. 7:17-cv-00197-D |
| VICTORIA CAREY, MARIE BURRIS, MICHAEL KISER, and BRENT NIX, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v. | Civil Action No. 7:17-CV-00201-D |

E.I. DUPONT de NEMOURS AND COMPANY
and THE CHEMOURS COMPANY FC, LLC,

                              Defendants.

---

CAPE FEAR PUBLIC UTILITY AUTHORITY,       Civil Action No. 7:17-CV-00195-D
BRUNSWICK COUNTY, LOWER CAPE             Civil Action No. 7:17-CV-00209-D
FEAR WATER & SEWER AUTHORITY, and
TOWN OF WRIGHTSVILLE BEACH,

                              Plaintiff,

v.

THE CHEMOURS COMPANY FC, LLC, E.I.
DU PONT de NEMOURS AND COMPANY,
and THE CHEMOURS COMPANY,

                              Defendants.

---

JAMES S. DEW, *et al.*,                    Civil Action No. 5:18-CV-0073-D

                              Plaintiffs,

v.

E.I. DUPONT de NEMOURS AND COMPANY,
*et al.*,

                              Defendants.

---

## STIPULATION AND ORDER GOVERNING THE EXCHANGE
## OF CONFIDENTIAL MATERIAL

IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs and Defendants

(each of whom individually is referred to herein as a "Party," and collectively, the "Parties"), by and

through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure

and Rule 502 of the Federal Rules of Evidence, that:

1.      Information produced in this action, including deposition testimony and

exhibits, documents produced in response to requests for production or subpoenas, electronically

stored information, responses to interrogatories and requests for admission, sampling and analytic data, and any other kind of discovery information (collectively, "Discovery Material") are to be used solely for this litigation, except as set forth below.

2.      Any Party, or individual or entity who produces any information in the above captioned action, may designate any information produced in this action, including deposition testimony and exhibits, documents produced in response to requests for production or subpoenas, electronically stored information, responses to interrogatories and requests for admission, sampling and analytic data, and any other kind of discovery information (collectively, "Discovery Material"), as:

a.      "Confidential" if, in good faith, the Party or individual or entity producing the Discovery Material (the "Producing Party") believes (a) the material contains non-public, proprietary or commercially sensitive information; (b) the material requires the protections provided in this Stipulation and Order to prevent unreasonable annoyance, expense, disadvantage or prejudice to any person or entity; (c) the material contains personally identifying information of any individual, including but not limited to social security numbers and financial account numbers; (d) the material contains any other information of a personal or intimate nature regarding any individual; (e) the material contains information for which applicable agreements, regulations, or laws restrict public disclosure; or (e) the material contains any other category of information hereinafter given confidential status by the Court.

b.  "Highly Confidential" if, in good faith, the Producing Party believes any document, or any portion thereof, which a Producing Party or nonparty believes to be so extremely sensitive that disclosure of such information would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.      The designation of Discovery Material as "Confidential" or "Highly Confidential" for the purposes of this Stipulation and Order shall be made in the following manner:  (a) in the case of deposition or other pretrial testimony and any exhibits to said testimony, a Party shall either (i) make a statement on the record at the time of the testimony; or (ii) send within a reasonable period of time a written notice to counsel for all Parties to this litigation indicating the portions of the testimony and exhibits to which the "Confidential" or "Highly Confidential" designation applies; and in both of the foregoing instances, the Producing Party shall direct the court reporter to affix the legend "Confidential" or "Highly Confidential" to the first page and all designated portions of the transcript and exhibits, including all copies thereof; (b) in the case of responses to interrogatories and requests for admission, the Producing Party shall (i) state in the main body of responses that the interrogatory or request for admission at issue requests "Confidential" or "Highly Confidential" information, (ii) set forth the response to the interrogatory or request for admission at issue in an addendum attached to the main body of responses and (iii) affix the legend "Confidential" or "Highly Confidential" to each page of that addendum; (c) in the case of Discovery Materials produced on videotape, CD, DVD, external hard drive, or other electronic storage medium, the Producing Party shall affix the legend "Confidential" or "Highly Confidential" to the outside of such electronic storage medium or to each file, page or unit of electronically stored material; and (d) in the case of Discovery Materials produced

in hard copy, the Producing Party shall affix the legend "Confidential" or "Highly Confidential" to each page so designated.

4.        If at any time prior to the trial of this action, a Party determines that some portion[s] of Discovery Material previously produced by that or any other party without limitation should be designated as "Confidential" or "Highly Confidential," the Party may so designate by so apprising all Parties to the litigation in writing, and such designated portion[s] will thereafter be treated as Confidential or Highly Confidential Material under this Stipulation and Order.  The delay in designating a document as "Confidential" or "Highly Confidential" shall not be deemed to have effected a waiver of any of the protections of this Stipulation and Order.

5.        A Party may designate Discovery Material produced by a non-party as "Confidential" or "Highly Confidential" within thirty (30) days of receiving such material by providing written notice of the designation to all Parties to the litigation and to the producing non-party.  Until such time period expires, all materials produced by the non-party shall be treated as Confidential Material.  Any Party designating Discovery Material produced by a non-party as "Confidential" or "Highly Confidential" shall have a good faith basis to believe that the Discovery Material meets the criteria for Confidential or Highly Confidential Material set forth in paragraph 1.

6.        Any Discovery Material designated Confidential or Highly Confidential, information derived therefrom, or any other documents or materials reflecting or disclosing any Confidential or Highly Confidential Material may only be used for the prosecution or defense of the above-captioned action, or any appeal therefrom, and shall not be used for any other purpose whatsoever, including but not limited to, any business or commercial purpose, for dissemination to the media or the public, or in connection with any other judicial, administrative or arbitral proceeding, except as set forth below.

7. Confidential Material may be disclosed, in all cases only in accordance with the provisions of this Stipulation and Order, only to:

    a. the Court and Court personnel, as appropriate;

    b. witnesses, deponents or persons whom a Party's counsel believes in good faith may be deponents or trial fact witnesses, and their counsel;

    c. each named Party and its employees, officers, and directors, provided that such persons are assisting the Party with this litigation and agree to be subject to this order;

    d. between Plaintiffs and Plaintiffs' counsel in any of the above-captioned actions to any of the other Plaintiffs and Plaintiffs' counsel in any of the above-captioned actions;

    e. each person identified on the face of the Confidential Material as an author or intended recipient (including by copy) thereof in whole or in part, or each person to whom counsel reasonably and in good faith believe that the original or a copy of such Confidential Material was sent or otherwise made available prior to this litigation;

    f. outside vendors such as court reporters, videographers, litigation support personnel, electronic discovery services, trial preparation services, or duplicating services, retained by the Court or by a party in connection with this litigation, provided they sign the certification attached as Exhibit A;

    g. counsel for the Parties, including in-house and outside counsel, legal assistants and other staff;

h.  experts or outside consultants, including necessary staff, retained by a Party or its counsel in connection with this litigation;

i.  insurance companies or other indemnitors for the named Parties which are providing coverage for claims in this matter and/or their in-house or outside counsel;

j.  as necessary to meet legal and/or regulatory obligations, including a court order requiring such disclosure; and

k.  any other person only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed upon or ordered, but such consent will not be unreasonably withheld.

8.  Highly Confidential Material may be disclosed, in all cases only in accordance with the provisions of this Stipulation and Order, only to:

a.  outside counsel for the parties and employees of such counsel who have responsibility for the action, provided that such individuals do not regularly participate in the commercial business activities of the party;

b.  the Court and its personnel;

c.  Plaintiffs and Plaintiffs' counsel in any of the above-captioned actions to any of the other Plaintiffs and Plaintiffs' counsel in any of the above-captioned actions;

d.  court reporters and recorders engaged for depositions;

e.  persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside

vendors hired to process electronically stored documents, provided they sign the certification attached as Exhibit A to this Order;

f.    consultants, investigators, or experts employed by a party or counsel for a party to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Exhibit A to this Order;

g.    during depositions or testimony, (i) a witness who is an officer, director, or employee of the Producing Party or is testifying for the Producing Party pursuant to Fed. R. Civ. P. 30(b)(6); or (ii) a witness who was formerly an officer, director or employee of the Producing Party, if the document, information or material was in existence during the period of that person's employment by the Producing Party, and if the witness had access to the document during his or her employment by the Producing Party; or (iii) otherwise as agreed in writing by the Parties or ordered by the Court. Unless otherwise ordered by the Court, witnesses who are shown Confidential or Highly Confidential Material are entitled to review and retain, subject to the limitations described in paragraph 10, a copy of their deposition transcript and all exhibits. Pages of transcribed testimony or exhibits to depositions that are designated as Highly Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

h.    the author or recipient of the document (not including a person who received the document solely in the course of litigation);

i. any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that such person has completed the certification contained in Exhibit A to this Order;

j. as necessary to meet legal and/or regulatory obligations, including a court order requiring such disclosure; and

k. other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

9. In the avoidance of doubt, nothing in this Stipulation or Order shall preclude a party from introducing into evidence at a hearing or trial any Confidential or Highly Confidential Material that is otherwise admissible under the Federal Rules of Evidence. At trial or evidentiary hearings, the parties agree that the Court may take such measures as the Court deems appropriate to protect the claimed Confidential or Highly Confidential document or information sought to be admitted.

10. Every person or entity given access to Confidential or Highly Confidential Material, or information derived therefrom or any other documents or materials reflecting or disclosing any Confidential or Highly Confidential Material, shall be advised that it is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed by any person or entity other than pursuant to the terms hereof. All persons and entities listed in paragraph 7 subsections (b), (f), (h), (i), and (k) and paragraph 8 subsections (d), (e), (f), (g), (h), (i), and (k) to whom a Party provides access to Confidential or Highly Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential or Highly Confidential Material, shall execute a copy of the certification attached hereto as Exhibit A before such access is provided and be advised that he or she will be subject to the Stipulation and Order. Any report or

other work product created by an expert and/or consultant which relies on or incorporates any Discovery Material that is designated as "Confidential" or "Highly Confidential," in whole or in part, shall be designated and treated as "Confidential" or "Highly Confidential" by the Party responsible for its creation.

11.     The Parties agree that should a Party wish to request to use some part of the Discovery Material produced by another Party for some purpose that is not permitted under this protective order, counsel for the requesting Party shall notify the counsel for the Producing Party in a confidential writing and detail the specific reason for the request, its duration and to whom the disclosure of Discovery Materials is sought.  The requesting Party shall use best efforts to narrowly tailor the scope, timing and intended recipient, and the recipient shall execute, in advance of the requested disclosure, a written undertaking to be bound by this protective order.  The Producing Party shall respond to the request within ten (10) business days, and such request shall not be unreasonably denied. If the Parties are unable to reach agreement on such a request of Discovery Materials described herein, the Parties agree to submit the dispute to the Court.

12.     Confidential or Highly Confidential Materials shall, if filed with or presented to the Court, be filed under seal unless otherwise ordered by the Court.  Before filing any information that has been designated Confidential or Highly Confidential Material with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, with notice served upon the Producing Party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal

shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

13.     In the event that any Confidential or Highly Confidential Material is used in any court proceeding in this litigation or any appeal therefrom, said Confidential or Highly Confidential Material shall not lose its status as "Confidential" or "Highly Confidential" through such use. Counsel shall confer in good faith regarding any additional procedures necessary to protect the confidentiality of such Confidential or Highly Confidential Material used in the course of any court proceedings, except that a) such Confidential or Highly Confidential Material shall be allowed to be used at trial, pursuant to paragraph 9 hereof; and b) material filed under seal with the Court, according to the Court's procedures governing the filing of materials under seal, shall be exempt from such requirement.

14.     Any Party may challenge, at any time, the designation of material as "Confidential" or "Highly Confidential" pursuant to the procedures outlined in this paragraph. The Party seeking to challenge such a designation shall contact the designating Party in a good faith effort to resolve the dispute. In the absence of the Parties coming to an agreement, the Producing Party shall file a motion

to maintain the "Confidential" or "Highly Confidential" designation within twenty-five (25) days of receiving written notice of a challenge to such "Confidential" or "Highly Confidential" designation. The Producing Party has the burden to show good cause for the "Confidential" or "Highly Confidential" designation. Should any such motion be filed, the motion shall be filed with the Court under seal. Until otherwise ordered by the Court, such material shall remain "Confidential" or "Highly Confidential."

15.     Any person or entity having received Confidential or Highly Confidential Material (the "Recipient") shall take all due precautions to prevent any disclosure of such Confidential or Highly Confidential Material other than pursuant to the provisions of this Stipulation and Order. The Recipient shall maintain the Confidential or Highly Confidential Material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such material as is exercised by the Recipient with respect to its own confidential material. Confidential or Highly Confidential Material shall not be copied, reproduced, summarized, extracted, or abstracted, except to the extent that such copying, reproduction, summarization, extraction, or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of this Stipulation and Order and labeled in the same manner as the Confidential or Highly Confidential Material on which they are based. In the event the Recipient of any electronic Discovery Material generates any electronic copy, hard copy, transcription, or printout from any non-paper media designated "Confidential" or "Highly Confidential," the Recipient must treat each copy, transcription, or printout as "Confidential" or "Highly Confidential."

16.     Confidential or Highly Confidential Material which is disclosed in contravention of the provisions of this Stipulation and Order (through inadvertence or otherwise) shall continue to

be protected by the provisions hereof. Upon learning of the disclosure of Confidential or Highly Confidential Material in contravention of the provisions of this Stipulation and Order, the person or entity that made the disclosure promptly shall: (i) give written notice of the disclosure to the Producing Party, which notice shall include a specific description of the improperly disclosed Confidential or Highly Confidential Material; (ii) give written notice to the recipient of the improperly disclosed Confidential or Highly Confidential Material (the "Improper Recipient"); (iii) provide the Improper Recipient with a copy of this Stipulation and Order and request that the Improper Recipient sign a copy of the certification attached hereto as Exhibit A; (iv) give written notice of the Improper Recipient's response to the Producing Party; (v) make reasonable good faith efforts to retrieve the improperly disclosed Confidential or Highly Confidential Material and all copies thereof (including summaries, excerpts, notes and any other information derived therefrom); and (vi) give written notice to the Producing Party of the result of such efforts. The Producing Party's rights and remedies with respect to any such improper disclosure are hereby reserved.

17.     If the Recipient of Discovery Materials, Confidential or Highly Confidential Material: (a) is subpoenaed in another action, (b) is served with a discovery demand as a party in another action, or (c) is served with any other legal process by a non-party to this litigation, seeking Confidential or Highly Confidential Material, the Recipient shall give actual written notice, by hand, electronic mail or facsimile transmission, within five (5) business days of receipt of such subpoena, demand, legal process to the Producing Party's counsel. The Recipient shall also immediately furnish to the Producing Party's counsel a copy of the subpoena, demand, legal process and shall maintain the confidentiality of the Confidential or Highly Confidential Material so that the Producing Party may seek a protective order or other relief precluding disclosure. Should the person seeking access to the Discovery Material, Confidential or Highly Confidential Material take any action against the Recipient

to enforce such subpoena, demand, other legal process, the Recipient shall respond by setting forth the existence of this Stipulation and Order. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Material, to become subject to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

18.      This Stipulation and Order has no effect upon, and shall not apply to, the Producing Party's use of its own Confidential or Highly Confidential Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure, by a Party, of any document, material or information designated as "Confidential" or "Highly Confidential" that was obtained lawfully by such Party independently of the discovery proceedings in this litigation. The burden shall be on the Party asserting that the document, material or information was obtained independently to establish that fact. Notwithstanding the foregoing, information or data derived from sampling that was conducted on property not owned or operated by Defendants is not Confidential or Highly Confidential Material.

19.      The Parties shall comply with their ethical and legal obligations concerning the actual or apparent inadvertent production of privileged or protected information consistent with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure and Federal Rule of Evidence 502(d). Disclosure of information subject to the attorney-client privilege or work-product doctrine or any other applicable privilege or immunity ("Privileged Material") shall not be deemed a waiver in whole or in part of the privilege or work-product protection or other applicable immunity, either as to the specific information disclosed or as to the same or related subject matter in the instant litigation or any other federal or state proceeding. If a Party has produced Discovery Material that it subsequently claims is Privileged Material, the receiving party (the "Party Receiving Privileged Material"), upon written or oral request, shall within five (5) business days return it, including all copies, and promptly destroy any notes

concerning it. The Party Receiving Privileged Material may not refuse to return the material. Upon receipt of the returned materials, the Producing Party shall within five (5) business days provide a written good faith explanation of the basis for the privilege claim or claim of immunity. If the Party Receiving Privileged Material wants to challenge the claim of inadvertent or unintentional production or the claim of privilege or immunity from disclosure, it must first return the material, then confer and provide written notice to the Producing Party identifying with particularity the reasons for the challenge. If the parties cannot resolve the dispute within a reasonable time, the Party Receiving Privileged Material may move the Court for an appropriate order. The disputed material shall be treated as privileged until a ruling on such motion or other resolution of the dispute.

20. Upon identification of any Discovery Material that, on its face, appears to be covered by any applicable privilege or immunity from disclosure, the recipient of such Discovery Material shall provide prompt notice of the production of that material to the Producing Party, to afford the Producing Party the opportunity to designate the material as Privileged Material within five (5) business days. Upon such designation by the Producing Party, the Party Receiving Privileged Material must return all copies of the Privileged Material and destroy any notes concerning it subject to the terms of Paragraph 20.

21. This Stipulation and Order shall survive termination of this litigation. Within sixty (60) days of the entry of an order, judgment or decree finally disposing of this litigation, including all appeals in which Discovery Materials, Confidential or Highly Confidential Material is permitted to be used, all persons or entities having received Discovery Materials, Confidential or Highly Confidential Material shall either: (a) return all Discovery Materials, Confidential or Highly Confidential Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party; or (b) destroy all Discovery Materials, Confidential or Highly Confidential Material and all copies thereof

(including summaries and excerpts) and certify that fact to the Producing Party. Outside counsel for the Parties to this litigation shall be entitled to retain court papers and attorney work product (including work product containing or incorporating Discovery Materials, Confidential or Highly Confidential Material), provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement with the Producing Party. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph. Notwithstanding the above, counsel for Cape Fear Public Utility Authority, Brunswick County, Lower Cape Fear Water & Sewer Authority, and Town of Wrightsville Beach shall retain a copy of the Discovery Materials, and shall either return or destroy all Discovery Materials from Defendants six years after the final disposition of this litigation, and certify that fact to the Producing Party, in accordance with this paragraph.

22. This Court shall retain jurisdiction over all persons and entities subject to this Stipulation and Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

23. This Stipulation and Order shall not be construed as waiving any right to assert an objection based on privilege, relevance, over-breadth, undue burden, or on any other grounds to the production of any material sought in a discovery request. Access to all requested materials (whether designated as "Confidential," Highly Confidential" or not) shall only be as provided by the relevant discovery rules and other applicable law.

24. Nothing in this Stipulation and Order prevents any party or other person from objecting to discovery that it believes to be otherwise improper or from seeking modification of this Stipulation and Order, including further provisions for categories of documents requiring heightened

protection. No modifications will be made except by advance written agreement of all parties or by order of the Court upon motion by any Party.

26. Neither this Stipulation and Order nor any of the procedures described above affects or constitutes a waiver of any party's right to object to the relevancy, admissibility, or discoverability of any information or document or to seek an order that discovery may be had only subject to appropriate limits or restrictions, as provided by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of this Court, or other applicable rules or law.

26. This Stipulation and Order may be executed in counterparts which together shall constitute one document. Any party added by name to this case after the "so ordering" of this Stipulation and Order shall be bound by it without having to execute it.

Dated: September 6, 2019                                    Respectfully submitted,

/s/ Kenneth J. Reilly
John K. Sherk III
CA State Bar No. 295838
**SHOOK, HARDY & BACON, L.L.P.**
One Montgomery, Suite 2600
San Francisco, CA 94104
Telephone: (415) 544-1900
Facsimile: (415) 391-0281
jsherk@shb.com

Kenneth J. Reilly
FL State Bar No. 157082
**SHOOK, HARDY & BACON, L.L.P.**
201 S. Biscayne Blvd.
3200 Miami Center
Miami, FL 33131
Telephone: (305) 960-6907
Facsimile: (305) 385-7470
kreilly@shb.com

Jonathan D. Sasser
Stephen D. Feldman
**ELLIS & WINTERS LLP**
P.O. Box 33550
Raleigh, NC 27636
Telephone:  (919) 865-7000
Facsimile:  (919) 865-7010
jon.sasser@elliswinters.com
stephen.feldman@elliswinters.com


*Attorneys for Defendants*

/s/ Theodore J. Leopold
Theodore J. Leopold
**COHEN MILSTEIN SELLERS
 & TOLL PLLC**
2925 PGA Boulevard
Suite 220
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
tleopold@cohenmilstein.com

Jay Chaudhuri
N.C. Bar No. 27747
**COHEN MILSTEIN SELLERS
 & TOLL PLLC**
150 Fayetteville Street
Suite 980
Raleigh, NC 27601
Telephone: (919) 890-0560
Facsimile: (919) 890-0567
jchaudhuri@cohenmilstein.com

Andrew Whiteman
N.C. Bar No. 9523
**WHITEMAN LAW FIRM**
5400 Glenwood Ave.
Suite 225
Raleigh, NC 27612
Telephone: (919) 571-8300
Facsimile: (919) 571-1004
aow@whiteman-law.com

S. Douglas Bunch
Douglas J. McNamara
Jamie Bowers
Alison Deich
**COHEN MILSTEIN SELLERS
 & TOLL PLLC**
1100 New York Ave., N.W.
Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
dbunch@cohenmilstein.com
dmcnamara@cohenmilstein.com
jbowers@cohenmilstein.com

adeich@cohenmilstein.com

Vineet Bhatia
**SUSMAN GODFREY, L.L.P.**
1000 Louisiana Street
Suite 5100
Houston, TX 77002
Telephone: (713) 651-3666
Facsimile: (713) 654-6666
vbhatia@susmangodfrey.com

Stephen Morrissey
Jordan Connors
Steven Seigel
**SUSMAN GODFREY, L.L.P.**
1201 Third Ave.
Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
sseigel@susmangodfrey.com

Gary W. Jackson
N.C. Bar No. 13976
**THE LAW OFFICES OF
JAMES SCOTT FARRIN, P.C.**
280 South Mangum Street
Suite 400
Durham, NC 27701
Telephone: (919) 688-4991
Facsimile: (800) 716-7881
gjackson@farrin.com

Neal H. Weinfield
**THE DEDENDUM GROUP**
1956 Cloverdale Ave.
Highland Park, IL 60035
Telephone: (312) 613-0800
Facsimile: (847) 478-0800
nhw@dedendumgroup.com

***Attorneys for Victoria Carey, Marie
Burris, Brent Nix, and Michael
Kiser***

/s/ Joseph A. Ponzi
Joseph A. Ponzi
N.C. Bar No. 36999
George W. House
N.C. Bar No. 7426
William P. H. Cary
N.C. Bar No. 7651
V. Randall Tinsley
N.C. Bar No. 14429
**BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, LLP**
Post Office Box 26000
Greensboro, NC 27420-6000
Telephone: (336) 373-8850
Facsimile: (336) 232.9114
jponzi@brookspierce.com
ghouse@brookspierce.com
wcary@brookspierce.com
rtinsley@brookspierce.com

*Counsel for Plaintiff Cape Fear
Public Utility Authority*

/s/ M. Cristina Sanchez
M. Cristina Sanchez
Scott Summy
N.C. Bar No. 27171
Cary McDougal
Stephen Johnston
Brett Land
**BARON & BUDD, P.C.**
3102 Oak Lawn Ave.
Suite 1100
Dallas, TX 75219-4281
Telephone: (214) 521-3605
Facsimile: (214) 520-1181
csanchez@baronbudd.com
ssummy@baronbudd.com
cmcdougal@baronbudd.com
sjohnston@baronbudd.com
bland@baronbudd.com

J. Harold Seagle
N.C. Bar No. 8017
**SEAGLE LAW, PLLC**
P.O. Box 15307
Asheville, NC 28813
Telephone: (828) 545-7777
Facsimile: (828) 545-7701
haroldseagle@charter.net

***Attorneys for Plaintiffs Brunswick
County, Lower Cape Fear Sewer &
Water Authority, Town of
Wrightsville Beach and James S.
Dew***

Dated:  September 19, 2019

_____
Robert T. Numbers, II
United States Magistrate Judge

## EXHIBIT A: CERTIFICATION

I, _____, a _____ of _____, hereby certify that I have read the attached Stipulation and Order Governing the Exchange of Confidential or Highly Confidential Material, dated __, 2019.  I hereby agree to be bound by the terms of the Stipulation and Order. I will not divulge any information, documents, or copies of Confidential or Highly Confidential Information obtained pursuant to such Stipulation and Order, or the contents of such documents, to any person other than those specifically authorized by the Stipulation and Order. I will not copy or use such information or documents except for the purposes of this action and pursuant to the terms of the Stipulation and Order.

For purposes of enforcing the Stipulation and Order, I hereby agree to be subject to the jurisdiction of the United States District Court for the Eastern District of North Carolina.  I understand that violation of the Stipulation and Order is may subject me to sanctions by the Court, including contempt.

Signature: _____      Dated: _____