IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| CAPE FEAR PUBLIC UTILITY AUTHORITY, BRUNSWICK COUNTY, LOWER CAPER FEAR WATER & SEWER AUTHORITY, and TOWN OF WRIGHTSVILLE BEACH, <br><br> Plaintiffs, <br><br> v. <br><br> THE CHEMOURS COMPANY FC, LLC, E. I. DU PONT DE NEMOURS AND COMPANY, and THE CHEMOURS COMPANY, <br><br> Defendants. | Case No. 7:17-CV-00195-D <br><br><br> Case No. 7:17-CV-00209-D |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO COMPEL DEFENDANTS TO PRODUCE PRIOR TESTIMONY**

Pursuant to Federal Rules of Civil Procedure 26, 34, and 37, Plaintiffs file this Memorandum in Support of Their Motion to Compel ("Motion") The Chemours Company FC, LLC, E. I. du Pont de Nemours and Company, and The Chemours Company ("Defendants") to Produce Prior Testimony.

## NATURE OF THE CASE

Since 1980, DuPont, then later Chemours, knowingly discharged HFPO Dimer Acid (colloquially known as GenX) and other PFAS byproducts into the air and into the Cape Fear River from its Fayetteville Works facility, located in Fayetteville, North Carolina, contaminating the local community's air and drinking water. Plaintiffs are water providers suing Defendants for the costs to mitigate the contamination of their water supplies.

## RELEVANT FACTS AT ISSUE

Several lawsuits have arisen out of the events at issue in the instant litigation. In response to written discovery in this case and in the related matter *Dew, et al. v. E.I. duPont de Nemours & Company, et al.,* No. 5:18-cv-00073-D, also pending in this Court ("*Dew/O'Brien* case"), the parties agreed that, instead of re-running searches, Defendants would provide—and agree as if produced in this case—documents produced in other cases, such as in the *Carey, et al. v. E.I. duPont de Nemours & Company, et al.*, No. 7:17-CV-00189-D ("*Carey* case"). Of course, counsel in the instant case was not involved in drafting the discovery propounded in the *Carey* case, nor was there involvement in negotiating the search terms, etc. Therefore, counsel has no way of knowing what was asked for, nor produced. The general idea was if follow up discovery was propounded, Defendants would indicate that the requested documents had already been produced, and if not, appropriate objections and responses would be provided. *See* Affidavit of Celeste A. Evangelisti ("Evan Aff") at ¶ 2.

During the entire time DuPont was knowingly contaminating the Fayetteville Works community and drinking water supply, DuPont was also knowingly discharging PFOA, another PFAS chemical, into the air and Ohio river from its Washington Works facility in Parkersburg, West Virginia. And in the early 1980s at the Washington Works facility, DuPont ran calculations

to determine how far away from the facility the contamination would go under different circumstances, how different treatment methodologies would affect the extent of contamination and how much the different treatment methodologies would cost to decide if the benefits were worth the investment. DuPont was also testing wells in the community, fully aware there was a likelihood contamination would occur. By the early 1980s, DuPont had indeed contaminated a local water provider's water system. Not surprisingly, litigation arose out of the contamination of the community surrounding the Washington Works facility. *See* Evan Aff at ¶ 3.

Unquestionably, prior testimony of DuPont employees involved in the Washington Works contamination situation is relevant to this case. PFOA was also manufactured at Fayetteville Works and certain water systems are contaminated with PFOA, rendering the knowledge gained via experiences with PFOA at Washington Works unquestionably relevant. Moreover, both PFOA and GenX are from the same family of chemicals—PFAS—and Defendants' knowledge of the characteristics of PFOA put them on notice that GenX may behave similarly in the environment. Finally, Defendants' knowledge of harm caused by releases from PFOA from its Washington Works facility to the nearby community rendered the harm posed by its actions (and inactions) at Fayetteville Works foreseeable. Moreover, obtaining this prior testimony is oftentimes crucial because it memorializes the experiences of those with first-hand knowledge of the events that occurred oftentimes decades in the past when their memories are fresh. Sometimes, the witnesses are not even alive anymore.

Plaintiffs have attempted to obtain from Defendants this type of relevant prior testimony. However, despite several attempts at obtaining the information voluntarily, despite various attempts at negotiation, and even despite the utilization of various formal discovery tools, Plaintiffs have been unable to obtain all relevant prior testimony of percipient witnesses. Without any

3

justifiable reason, Defendants steadfastly refuse to ensure that relevant prior testimony of Defendants' employees has been produced. Counsel is specifically aware of testimony relating to the events at the Washington Works facility that has not been produced; of course, counsel cannot know what other testimony exists that may not have been produced. For a detailed overview of Plaintiffs' various attempts to obtain the requested testimony from Defendants *see* Evan Aff at ¶ 4-14.

Plaintiffs request that this Court order Defendants to produce prior testimony as set forth below.

## ARGUMENT

The Federal Rules allow for discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

A motion to compel may be filed when another party fails to produce documents in response to a proper request for production. Fed. R. Civ. P. 37(a)(3)(B)(iv). As this Court explained, the party resisting or objecting to discovery bears the burden of showing why the motion should not be granted. *Daniels v. Hyster-Yale Grp., Inc.,* No. 5:19-CV-00531-FL, 2020 WL 2334088, at *3 (E.D.N.C. May 11, 2020), citing *Mainstreet Collection, Inc. v. Kirklands*, Inc., 270 F.R.D. 238, 241 (E.D.N.C. 2010). To meet this burden, the non-moving party "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Id.* The grounds for objection must be

4

stated with specificity. Fed. R. Civ. P. 34(b)(2)(B)-(C). This Court has cautioned that "boilerplate objections without support are disfavored and may be stricken by the court." *Daniels* at *4.

Defendants have no valid basis to withhold the requested documents and a motion to compel is warranted.

Plaintiffs served a Request for Production which asked Defendants to:

> Produce all prior depositions of YOUR current and former employees and corporate witnesses in prior litigation in which it was alleged that YOUR use, manufacture and/or release of PFAS led to harm to human health and/or the environment.

Defendants' response was:

> Defendant incorporates its General Objections and Objections to Definitions and Instructions. Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, not relevant, and because it seeks documents or information for an unlimited time period. Defendant further objects to this Request to the extent that it seeks documents or information which are subject to a protective order, other court order, or private agreement which shields such documents or information from disclosure. Defendant further objects to this Request to the extent that it seeks documents and communications protected by the attorney-client privilege or work product doctrine.
>
> Subject to and without waiving any of its general or specific objections, **Defendant states that it has already produced numerous prior depositions of its current and former employees and corporate witnesses from other litigations involving PFAS**.

*See* Defendants' responses to Brunswick-Lower Cape Fear-Wrightsville's 2nd RFP No. 60 (emphasis added), attached as Exhibit C to Evan Aff at ¶ 6.

Defendants' response is essentially: "we produced some transcripts and we decided we don't want to give you any more." Defendants' flippant and dismissive response is directly contrary to the rules.

And Defendants' objections are the epitome of boilerplate. There is nothing vague, ambiguous or overbroad about the request. Defendants' claim of burden is not well taken - Defendants have not even attempted to establish how the request would be burdensome; it is not clear how many transcripts have been withheld and even if the number is large, dropping electronic documents into a dropbox cannot be considered a burden. In fact, Defendants are refusing to produce all the transcripts of employee Andrew Hartten, even though counsel *specifically admitted they have recently gathered them.* Evan Aff at ¶ 9, 14. To claim there is privilege associated with prior testimony is absurd, as is claiming Defendants are prohibited from producing testimony because of a protective order they insisted on.

Moreover, seeking prior testimony via a request for production is entirely appropriate. *See Parks v. Mut. of Omaha Ins. Co.*, No. 5:20-CV-00388-CLS, 2021 WL 9668208, at *1 (N.D. Ala. Feb. 12, 2021)(granting motion to compel plaintiffs' request for production of prior deposition or trial testimony of certain individuals involved in evaluating and deciding whether to grant or deny plaintiff's accidental death claim); *Plucker v. United Fire & Cas. Co.*, No. CV 12-4075, 2014 WL 12773521, at *3 (D.S.D. May 9, 2014)(motion for sanctions for failure to comply with previous order to compel transcripts of prior testimony denied because failure not intentionally in bad faith); *Florer v. Peck*, No. CV-05-5039-EFS, 2007 WL 9717442, at *2 (E.D. Wash. Feb. 26, 2007)(granting motion to compel transcripts of prior testimony of any defendant as to Judaism and or the kosher diet*); Carter-Wallace, Inc. v. Hartz Mountain Indus., Inc.*, 92 F.R.D. 67 (S.D.N.Y. 1981)(plaintiff entitled to order compelling defendants to produce transcripts of all depositions even though depositions were subject to protective order). Defendants have failed to meet their burden under Fed. R. Civ. P. 34 and simply have no justification for withholding any of the requested transcripts.

Plaintiffs properly propounded a request for production of relevant prior testimony. Defendants produced some of the transcripts (but not all), refuse to indicate which transcripts have not been produced, and refuse to produce any additional transcripts. This unjustified refusal is another example of what has become a pattern of impeding Plaintiffs ability to obtain relevant information to prosecute their case. Plaintiffs respectfully request this Court grant their Motion to Compel and for any other relief to which they are entitled.

DATED: July 5, 2023

Respectfully submitted,

_____
J. Harold Seagle
North Carolina Bar No. 8017
**SEAGLE LAW, PLLC**
P.O. Box 15307
Asheville, N.C. 28813
Telephone: 828-774-5711
haroldseagle@charter.net
Local Civil Rule 83.1(d) Counsel for Plaintiff

Scott Summy (North Carolina Bar No. 27171)
Cary McDougal (Texas Bar No. 13569600)
Stephen Johnston (Texas Bar No. 00796839)
Brett Land (Texas Bar No. 24092664)
Celeste Evangelisti (Texas Bar No. 00793706)
**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219-4281
Telephone: (214) 521-3605
Fax: (214) 523-6600
ssummy@baronbudd.com
cmcdougal@baronbudd.com
sjohnston@baronbudd.com
bland@baronbudd.com
cevangelisti@baronbudd.com

*Plaintiffs Brunswick County, Lower Cape Fear Water & Sewer Authority, and Town of Wrightsville Beach*

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: July 5, 2023

/s/ Celeste A. Evangelisti
Celeste A. Evangelisti
*Attorney for Plaintiffs*

## CERTIFICATE OF WORD COUNT

I hereby certify that this memorandum complies with Local Civil Rule 7.2(f)(3) and has 1622 words.

/s/ Celeste A. Evangelisti
Celeste A. Evangelisti
*Attorney for Plaintiffs*