IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| **Cape Fear Public Utility Authority**, <br><br> Plaintiff, <br><br> v. <br><br> **The Chemours Company FC, LLC**, et al., <br><br> Defendants. | No. 7:17-CV-00195-D |
| **Brunswick County**, <br><br> Plaintiff, <br><br> v. <br><br> **E.I Du Pont de Nemours and Co.**, et al. <br><br> Defendants. | No. 7:17-CV-00209-D |

This case involves allegations that Defendants discharged various toxic chemicals into the Cape Fear River, potentially contaminating the water supply for millions of North Carolinians. Defendants have faced similar lawsuits in other venues. As part of discovery, Plaintiffs have asked Defendants to produce the transcripts from the deposition of any of the Defendants' current or former employees in any other litigation raising similar issues to those raised here. Defendants have objected to doing so because, among other reasons, it has already produced many deposition transcripts, the request is overbroad and not proportional to the needs of the case. After reviewing Defendants' objections and engaging in discussions with them, Plaintiffs asked the court to compel Defendants to turn over the transcripts.

The Federal Rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The Rules provide several tools, including interrogatories and requests for production, to obtain discovery from other parties. *Id.* 33, 34.

The Rules also allow a requesting party to move to compel if the responding party's discovery responses are incomplete or inadequate. Fed. R. Civ. P. 37(a). The party resisting or objecting to discovery "bears the burden of showing why [the motion to compel] should not be granted." *Mainstreet Collection, Inc.* v. *Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). To meet this burden, the non-moving party "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Id.*

Here, the parties dispute the extent to which Defendants must respond to the following request for production:

> Produce all prior depositions of YOUR current and former employees and corporate witnesses in prior litigation in which it was alleged that YOUR use, manufacture and/or release of PFAS led to harm to human health and/or the environment.

D.E. 133–3 at 7.

Defendants responded to this request with a litany of objections. As is relevant here, they objected that the request sought "documents or information for an unlimited time period[,]" and thus was "vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, [and] not relevant[.]" *Id.* at 7–8.

In addition to objecting, Defendants responded that they had "produced numerous prior depositions of its current and former employees and corporate witnesses from other litigations involving PFAS." That production occurred, at least in part, pursuant to an order in a related

2

case, *Nix v. E.I. DuPont de Nemours & Co.*, Case No. 7:17-cv-00189-D (E.D.N.C. filed Oct. 3, 2017).

In that case, the court addressed a similar motion related to a similar request. In *Nix*, the plaintiffs sought to obtain "All deposition transcripts, video/audio recordings, and deposition exhibits for all depositions noticed in any personal-injury or property-damage litigation brought against DuPont relating to perfluorooctanoic acid or ammonium perfluorooctanoate ('PFOA' or 'C-8') including, but not limited to," several specific cases, "and including the depositions of" seven named individuals. After hearing from the parties, the court required the defendant to produce, "the requested documents related to depositions given in the actions listed in the request by the specified individuals." Order at 1, *Nix*, Case No. 7:17-cv-00189-D (E.D.N.C. Apr. 10, 2020), D.E. 200.

The *Nix* order resulted in the production of a dozen transcripts and nearly 30,000 pages of documents. Mem. in Opp. at 3. Defendants claim that they have produced "dozens of additional transcripts of company witness testimony from other litigation[.]" *Id.* at 3 n.4.

Defendants maintain that the *Nix* order defined the bounds of relevancy in that case and the related cases. So, they argue, by complying with the *Nix* order, they have complied with their discovery obligations in this case.

Nothing in the *Nix* order suggests that it was conclusively resolving the relevance or proportionality of requests for transcripts from other PFAS cases. So Defendants' argument on that point is unpersuasive.

But there is no question that the Plaintiffs' request for production as written is overbroad. It seeks transcripts from all employees in all PFAS-related litigation, regardless of where or when it occurred. The Amended Complaint, on the other hand, focuses on what took place at the

3

Fayetteville Works facility. As a result, what happened at the Fayetteville Works is highly relevant to this case and what occurred elsewhere is less so.

In their pre-motion correspondence, Plaintiffs requested transcripts from 41 individuals whose transcripts, if they existed, would be responsive to the discovery request. The court required parties to meet and confer about whether any responsive documents existed for those individuals and whether their transcripts had already been produced.

At the hearing on this motion, the parties disputed whether Defendants had provided sufficient information to allow Plaintiffs to determine if they had complied with the court's order and the terms of the discovery request.

After hearing from the parties, the court grants the motion in part. D.E. 131. The court orders that no later than Wednesday, October 25, 2023, Defendants will supplement the list they provided to Plaintiffs by email on October 13, 2023, so that it addresses all 41 individuals. Defendants should promptly provide Plaintiff with any transcripts that have not already been produced. To the extent reasonably available, the transcripts should include errata sheets and exhibits. If, after receiving the supplemented list, Plaintiffs believe the list is incomplete, they should specifically identify items that they believe are missing. Defendants should further supplement their list as appropriate after reviewing any issues raised by Plaintiffs. If there are any additional disputes, the parties should notify the undersigned's case manager and a hearing will be scheduled to address those disputes. Defendants need not produce any other documents in response at this time. Each party will bear their own costs.

Dated: October 19, 2023

_____
Robert T. Numbers, II
United States Magistrate Judge

4

Case 7:17-cv-00195-D   Document 146   Filed 10/19/23   Page 4 of 4