IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| CAPE FEAR PUBLIC UTILITY AUTHORITY, BRUNSWICK COUNTY, LOWER CAPE FEAR WATER & SEWER AUTHORITY, and TOWN OF WRIGHTSVILLE BEACH,<br><br>Plaintiffs,<br><br>v.<br><br>THE CHEMOURS COMPANY FC, LLC, E. I. DU PONT DE NEMOURS AND COMPANY, and THE CHEMOURS COMPANY,<br><br>Defendants. | Case No. 7:17-CV-00195-D<br>Case No. 7:17-CV-00209-D |

## Order

Pending before this Court are Plaintiffs' Motions to Compel Production of Documents and Non-Party 30(b)(6) Testimony from Third Parties Parsons Environment and Infrastructure Group, Inc. ("Parsons") and Geosyntec Consultants of NC, P.C. ("Geosyntec") (D.E. 152, 157, 202). Prior to a hearing on these and other pending discovery motions in this action on March 18, 2023 (D.E. 266), the Parties agreed upon terms resolving Plaintiffs' Motions to Compel (D.E. 152, 157, 202), Parsons and Geosyntec's Motions for Protective Order (D.E. 169, 170, 172), Geosyntec's Motion to Strike (D.E. 217), and Parsons's Opposition to Plaintiffs' Motion to Compel (D.E. 223).

Per this agreement, the Court hereby:

(1) **ORDERS** Third Parties Parsons Environment and Infrastructure Group, Inc. and Geosyntec Consultants of NC, P.C. each to designate a deponent or deponents to testify, not to exceed seven hours of testimony for each consultant, regarding the public reports specifically identified by Plaintiff CFPUA by letters dated December 4, 2023 (DE 202-3 and 202-5).

(2) **ORDERS** the topics specified in the Amended Notices of Rule 30(b)(6) Depositions (DE 202-2 and 202-4) are restricted to information relating to the public reports specifically

1

identified in paragraph (1), and further restricted as set forth in the following paragraph (3).

(3) **ORDERS** that Plaintiffs will not seek discovery from Parsons or Geosyntec on topics and communications over which Chemours, Parsons and Geosyntec have asserted work product protection. This includes 1) communications involving counsel for Chemours and Geosyntec, Parsons and/or Chemours; and 2) communications internal to or among Geosyntec, Parsons and/or Chemours that convey or carry out direction from counsel for Chemours ("Protected Communications"). This includes both discovery through deposition testimony and through document subpoenas. The 30(b)(6) deposition topics may include the site assessment and remediation work conducted by Geosyntec and Parsons, but exclude the contents of Protected Communications.

(4) **ORDERS** that the subpoenas to Geosyntec and Parsons for the production of documents (D.E. 152, 157) are quashed per the agreement of the parties.

(5) **ORDERS** Plaintiffs to reimburse both Parsons and Geosyntec for document production costs and deposition costs. This includes costs related to the production of communications prior to 2017 previously produced from Parsons to Plaintiffs.

The Parties' motions (D.E. 152, 157, 169, 170, 172, 202, 217) are therefore DENIED given the Parties' agreements and this Court's Order. SO ORDERED.

Dated: April 22, 2024

*Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge