IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| **Cape Fear Public Utility Authority**, <br><br> Plaintiff, <br><br> v. <br><br> **The Chemours Company FC, LLC**, et al., <br><br> Defendants. | No. 7:17-CV-00195-D |
| **Brunswick County**, <br><br> Plaintiff, <br><br> v. <br><br> **E.I Du Pont de Nemours and Co.**, et al. <br><br> Defendants. | No. 7:17-CV-00209-D |

**Order**

The parties disagree over whether the Defendants may redact documents to only produce the portions of the documents they deem relevant to a discovery request. Plaintiff Cape Fear Public Utility Authority asks the court to compel the Defendants to produce complete, unredacted documents if any portion of the document is responsive to a discovery request.

Federal courts are divided over whether relevance-based redactions are appropriate, particularly when a court has entered a protective order restricting the dissemination of documents produced in discovery. *See Hansen* v. *Country Mut. Ins. Co.*, No. 18-CV-00244, 2020 WL 5763588, at *4 (N.D. Ill. Sept. 28, 2020) (discussing the division among the federal courts on this issue).

The court has conducted an in-camera review of the disputed documents. It finds that, with the exceptions noted below, the redacted materials appear irrelevant to the claims and defenses in this case and are not necessary to provide context to the issues in this litigation. Thus, the court finds that producing redacted documents does not frustrate the purpose of the discovery rules and is proportional to the needs of the case.[1]

So the motion to produce unredacted documents is granted in part and denied in part. D.E. 240. Defendants need only produce the following in unredacted format:

1. The segment column on page 18 of Exhibit 13.

2. The segment column on page 19 of Exhibit 13.

3. On pages 252, 271, and 272 of Exhibit 17:

    a. The chart's headings;

    b. The row in the chart discussing Legal Charges; and

    c. Note 4.

4. The document title of Exhibit 18.

5. The second paragraph of the second page of Exhibit 19.

6. The second sentence of the fourth paragraph on the first page of Exhibit 20.

7. The column title and the contents of the column including a reference to Fayetteville on page 98 of Exhibit 23.

8. The chart title, column heading, and the entry referring to Fayetteville on page 111 of Exhibit 23.

---

[1] This conclusion, however, does not mean that production of redacted documents is appropriate in all cases and all circumstances.

The court's review was undertaken solely for responsiveness. So, if appropriate, Defendants may designate material as privileged and withhold it. Defendants are also instructed to review the redacted materials and produce any additional relevant information they locate. Each party will bear their own costs.

Dated:  April 23, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge