IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| **Cape Fear Public Utility Authority**,<br><br>                    Plaintiff,<br><br>v.<br><br>**The Chemours Company FC, LLC**, et al.,<br><br>                    Defendants. | No. 7:17-CV-00195-D |
| **Brunswick County**,<br><br>                    Plaintiff,<br><br>v.<br><br>**E.I Du Pont de Nemours and Co.**, et al.<br><br>                    Defendants. | No. 7:17-CV-00209-D |

**Order**

Before the court are several motions to seal and for leave to maintain the seal of provisionally sealed entries. For the reasons below, the court will grant each of them.

**I.      Standard for Granting a Motion to Seal**

Before granting a party's motion to seal, the court "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Procedurally, the district court must (1) give the public notice and a reasonable chance to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*

And "[a]s to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal citation omitted). The right of access arises from either the common law or the First Amendment. *Id.* at 575. Determining the source of the right is essential because "the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.'" *Id.* (quoting *Rushford* v. *New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). But no matter which standard applies, the public's right to access judicial documents "may be abrogated only in unusual circumstances." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

Here the documents at issue were filed in connection with discovery-related motions. Thus, the public's right of access to these documents stems from the common law and not the First Amendment. *See Tom* v. *Hosp. Ventures, LLC*, 5:17-CV-00098, 2022 WL 1812280, at *2 (E.D.N.C. June 2, 2022); *Giri* v. *Integrated Lab'y Sys., Inc.*, No. 5:17-CV-00179, 2019 WL 489104, at *8 (E.D.N.C. Feb. 7, 2019); *Silicon Knights, Inc.* v. *Epic Games, Inc.*, No. 5:07-CV-00275, 2009 WL 10689668 (E.D.N.C. June 2, 2009).

Under the common law, there is a presumption for allowing the public to access judicial documents. *Rushford*, 846 F.2d at 253. A party can overcome that presumption if it can show that "countervailing interests heavily outweigh the public interests in access." *Id*. The factors the court considers in making this determination include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

2

With these standards in mind, the court turns to the document at issue.

**II.     Application**

    **A.     Unopposed Motions to Seal**

Many motions to seal are unopposed or consented to by the other parties. *See* D.E. 153, 156, 160, 177, 234, 245, 252, 278, and 281. The motions have been pending, giving the public adequate notice of and an opportunity to object to the proposed sealing. *Rushford*, 846 F.2d at 253–54. To date, no one has objected to the sealing of the materials at issue. The court concludes that sealing these documents is warranted.

        **1.     Privilege Logs and Sealed Orders (D.E. 153, 156, 160, 177)**

CFPUA moves to seal materials designated as highly confidential under the parties' Stipulation and Order. *See* D.E. 84. It requests sealing of 20 privilege logs[1] as well as two sealed Orders in a related case. D.E. 160. CFPUA filed ex parte motions requesting the same relief. D.E. 153, 156. Defendants made a similar motion to seal these materials. D.E. 177.

In light of the Stipulation and Order designating materials as confidential, the court concludes that the interests in maintaining the restricted nature of the documents heavily outweighs the public's interest in having access to these documents. And the court finds that there is no alternative short of sealing these documents to safeguard the interests at issue.

So the court grants the motions to seal. D.E. 153, D.E. 156, D.E. 160, D.E. 177. The Clerk shall seal the following documents: D.E. 150-1 through 150-20, D.E. 150-29, D.E. 150-30, D.E. 151, D.E. 151-1 through 151-20, D.E. 151-29, D.E. 151-30, and D.E. 155.

---

[1] CFPUA manually filed the privilege logs due to their size. *See* D.E. 160, 161, 262.

3

### 2. Confidential Information (D.E. 234, 245, 278)

Defendants also ask the court to seal exhibits filed in their opposition to CFPUA's motion to compel of their motion to compel certain discovery requests (D.E. 233). D.E. 234. They maintain that the exhibits include material confidential under the parties' Stipulation and Order. *Id*. These exhibits contain personal health information of a witness and confidential business information. *Id*.

A second motion to seal addresses CFPUA's pleadings in support of its motion to compel Defendants to produce unredacted versions of certain documents. D.E. 245. It asks the court to shield from disclosure exhibits CFPUA filed with its motion to compel, as well as its supporting memorandum which discusses those exhibits, because they include confidential business information (D.E. 241, D.E. 242, D.E. 242-2 through 242-7, D.E. 242-12 through 242-29). *Id*.

In a third motion, Defendants request that the court seal CFPUA's memorandum opposing their motion for a protective order (D.E. 269) and an exhibit to CFPUA's response (D.E. 269-2). D.E. 278. Defendants contend that the exhibit, a report from CFPUA's expert, contains confidential, non-public business information about them. *Id*. And the opposing memorandum references the expert's report. *Id*.

As noted above, countervailing interests may overcome the common law right of access to court documents. A party's right to protect confidential business information is one such countervailing interest. *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, No. 5:14-CV-00310-F, 2016 WL 4939308, at *1 (E.D.N.C. Sept. 14, 2016) ("[T]he need to keep proprietary business information confidential is often a sufficiently compelling justification for sealing judicial documents."). Interests in protecting personal health information, too, outweighs a public interest

4

in access. *See Glisson* v. *Hooks*, No. 1:19-CV-00096-MOC, 2019 WL 2366470, at *3 (W.D.N.C. June 4, 2019).

Again, the court determines that the interests in maintaining the confidential nature of the documents heavily outweighs the public's interest in having access to these documents. And no alternative short of sealing these documents that would protect the affected interests.

So the court grants the motions to seal. D.E. 234, D.E. 245, D.E. 278. The Clerk shall seal the following documents: D.E. 233, D.E. 241, D.E. 242, D.E. 242-2 through D.E. 242-7, D.E. 242-12 through D.E. 242-29, D.E. 269, and D.E. 269-2.

### 3. Grand Jury Proceedings (D.E. 252)

Next, Defendants move to seal their motion to maintain confidential designations (D.E. 249), an exhibit to that filing (D.E. 249-1) and the supporting memorandum for that motion (D.E. 251). D.E. 252. They seek sealing because the materials reference confidential evidence about grand jury proceedings. *Id*.

In an Order last month, the court granted Defendants' motion to maintain confidential designations. *See* D.E. 288. It recognized the "long-established policy that maintains the secrecy of the grand jury proceedings in federal court." *United States* v. *Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958). The court agreed that it should limit the disclosure given the sensitive nature of the materials. D.E. 288.

The interests in maintaining the confidential nature of the documents heavily outweighs the public's interest in having access to these documents. It finds no other alternative to sealing would guard the affected interests. So the court grants the motion to seal. D.E. 252. The Clerk shall seal the following docket entries: D.E. 249, D.E. 249-1, and D.E. 251.

### 4. Identities of Grand Jury Witnesses (D.E. 281)

Defendants, joined by the government, jointly move to seal pleadings about grand jury materials. D.E. 281. The filings contain information about the identities of grand jury witnesses. *Id*.

For the reasons set forth in the joint motion and supporting memoranda, and based on the court's earlier Order on the discoverability of grand jury materials (D.E. 288), the court grants the motion to seal. D.E. 281. The Clerk shall seal the following docket entries: D.E. 190, D.E. 190-2, D.E. 190-3, D.E. 190-5, D.E. 197, D.E. 197-2, D.E. 226, and D.E. 227. The court grants leave to CFPUA and the Government to file redacted versions of those filings.

### B. Opposed Motions to Seal

Some motions to seal are opposed. D.E. 205, 224, 230. The motions have been pending, giving the public adequate notice of and an opportunity to object to the proposed sealing. *Rushford*, 846 F.2d at 253–54. To date, no one has objected to the sealing of the materials at issue. The court concludes that sealing these documents is warranted.

Defendants first request sealing a filing that references grand jury proceedings. D.E. 205. An exhibit to CFPUA's petition seeking disclosure of grand jury testimony contained deposition excerpts about grand jury proceedings. (D.E. 188). The same motion to seal also requests sealing of other filings that reveal sensitive, confidential, non-public business information (D.E. 186-1, 186-2, 186-3, 193, 193-2, 193-3, 193-5, 193-6, and 195.). *Id*.

CFPUA opposes only the sealing of grand jury materials. D.E. 222. CFPUA opposes sealing of the exhibit referencing grand jury matters. D.E. 222. But it makes no argument against sealing other filings that contain confidential business information. *Id*.

Defendants' second motion, too, seeks sealing of a similar CFPUA exhibit. D.E. 224. As part of its response opposing Defendants' motion to seal civil deposition transcript excerpts, CFPUA filed an exhibit with deposition excerpts that reveal grand jury information (D.E. 220).

CFPUA opposes this request too. D.E. 238. It reasserts previous arguments that Defendants lack standing to request sealing of current and former employees' grand jury testimony. D.E. 222. And it contends that their testimony was too vague to resemble grand jury transcripts. *Id*. CFPUA also maintains that Defendants have not overcome the presumption of access to civil proceedings. *Id*.

In the third request to seal, the Government moves to seal its ex parte responses to CFPUA's petition seeking disclosure of grand jury testimony (D.E. 229) and its motion to compel grand jury transcripts (D.E. 228). D.E. 230.[2] It maintains that no alternative to sealing and ex parte classification treatment protect the confidential matters set forth in its pleadings. *Id*. CFPUA opposes the relief requested. D.E. 239.

As noted above, the court recently issued an Order on grand jury materials. D.E. 288. It denied CFPUA's request for grand jury materials, declining to breach the secrecy of the grand jury room. *Id.* The "long-established policy that maintains the secrecy of the grand jury proceedings in federal court[]" overcame the presumption of access to court documents. *Proctor & Gamble Co.*, 356 U.S. at 681; *see United States* v. *Carolina Comprehensive Health Network*, No. 1:16-CV-234, 2021 WL 325705, at *4 (M.D.N.C. Feb. 1, 2021) (recognizing that sealing of government investigations, including grand jury proceedings, may outweigh presumption of public access).

---

[2] The government filed two public responses to the motions. D.E. 226, 227.

So for the reasons set forth in that Order, the court will grant the related motions to seal. D.E. 205, D.E. 224, and D.E. 230. The Clerk shall seal the following submissions: D.E. 188, D.E. 220, D.E. 228, and D.E. 229.

To the extent that the motion to seal at Docket Entry 205 is unopposed, and seeks to shield disclosure of confidential business information, the court grants it. D.E. 205. The Clerk shall seal the following documents: D.E. 186-1, D.E. 186-2, D.E. 186-3, D.E. 193, D.E. 193-2, D.E. 193-3, D.E. 193-5, D.E. 193-6, and D.E. 195.

Dated: May 7, 2024.

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE